Filed 5/18/21  P. v. Oden CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B307303 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA048461) |
| v. | |
| TERRELL ODEN, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion filed on May 3, 2021, is modified to substitute "James Otto, Judge" for "Shannon Knight, Judge" on the caption page.

There is no change in judgment.

_____

BAKER, J.               RUBIN, P. J.               MOOR, J.

Filed 5/3/21  P. v. Oden CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRELL ODEN,<br><br>    Defendant and Appellant. | B307303<br><br>(Los Angeles County<br>Super. Ct. No. NA048461) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

After a jury trial, defendant and appellant Terrell Oden (defendant) was convicted of first degree murder and conspiracy to commit murder and sentenced to 75 years to life in prison. Thirteen years after we affirmed the convictions, defendant petitioned for resentencing pursuant to Penal Code section 1170.95.[1] The trial court denied the petition and defendant's attorney in this appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raises no issues and asks us to independently review the record. We invited defendant to submit a supplemental brief and he has, arguing his section 1170.95 petition should have been granted. We quickly summarize the pertinent facts and explain why defendant's contention lacks merit.

Defendant was convicted of conspiring to murder Rene Gamora (Gamora) and a corresponding substantive first degree murder charge. The evidence at trial showed defendant was a member of a criminal street gang and the murder was gang related. Defendant was not Gamora's actual killer, but he was convicted of the substantive murder offense on an aiding and abetting theory (he was the getaway driver for Gamora's shooter and there was evidence defendant participated in a gang meeting before the murder where the gang members discussed the need to go killing rival gang members). Defendant's jury was not instructed on the natural and probable consequences theory of murder nor on felony murder;[2] direct aiding and abetting was the

---

[1]     Undesignated statutory references that follow are to the Penal Code.

[2]     Conspiracy and proximate cause instructions the jury received did use the phrase "natural and probable consequence,"

2

only instruction the jury received that would permit defendant's conviction on the substantive murder offense. We affirmed the judgment on direct appeal, albeit with directions to modify the sentence imposed. (*People v. Oden* (May 1, 2006, B180024) [nonpub. opn.].)

In February 2019, defendant filed a petition for resentencing under section 1170.95. Defendant's form petition checked boxes declaring he was convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine. The trial court appointed counsel for defendant and denied the section 1170.95 petition after considering an opposition filed by the People and a reply filed by counsel for defendant (that, notably, conceded the jury was not instructed on either the felony murder rule or the natural and probable consequences doctrine).[3] The court found defendant was not entitled to relief because he was convicted of Gamora's murder as a direct aider and abettor.

In this appeal from the trial court's ruling, defendant's supplemental brief (essentially a reprise of his trial court briefing) appears to argue the trial court erred in finding he failed to make a prima facie showing of entitlement to relief under section 1170.95 because the evidence submitted in support of his petition showed he was convicted of murder under either a

but that is distinct from the natural and probable consequences doctrine of murder liability.

[3]     Defense counsel conceded the same at the hearing on defendant's section 1170.95 petition: "The People are correct. He wasn't prosecuted under felony murder. He wasn't prosecuted under [a] natural and probable consequence theory o[f] murder."

natural and probable consequences or felony murder theory.  The record of conviction, however, shows otherwise and defendant is not entitled to relief.  (See, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1058-1059, review granted Sept. 23, 2020, S263939; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted Jul. 8, 2020, S262481; see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598.)

Having considered defendant's supplemental brief and conducted our own examination of the record, we are satisfied defendant's appellate attorney has complied with his responsibilities and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende*, *supra*, 25 Cal.3d at 441.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



RUBIN, P. J.                                        MOOR, J.


4